UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>LEE ANDREW EDDINS,<br><br>    Defendant._____/ | NO. CR. 06-246 WBS<br><br>MEMORANDUM AND ORDER RE:<br>STIPULATED MOTION TO REDUCE<br>SENTENCE AND MOTION TO<br>WITHDRAW FROM STIPULATED<br>MOTION |

----oo0oo----

I. Factual and Procedural Background

On August 13, 2007, defendant Lee Andrew Eddins pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing held on October 29, 2007, the court adopted the guideline calculations of the Pre-Sentence Investigation Report ("PSR"), which found an applicable offense level of 34 and a criminal history category of VI pursuant to the career offender provisions of § 4B1.1 of the United States Sentencing Guidelines. (Docket No. 88 Ex. A ("Hearing Tr.")

1

3:16-21; PSR ¶¶ 21-24, 45.)  Defendant's offense level and criminal history category yielded a guideline range of 262 to 327 months.  (Id. ¶ 72.)  Based on his cooperation with authorities, defendant received a Guidelines § 5K1.1 letter from the government recommending that defendant receive a sentence at the bottom of this guideline range and reduced by 40%, or 158 months.  The court adopted the recommendation of the government and sentenced defendant to 158 months imprisonment.  (Hearing Tr. 7:24-8:7.)

On July 15, 2008, both defendant and the government filed a "stipulated motion" pursuant to 18 U.S.C. § 3582(c)(2), whereby the parties requested that the court reduce defendant's sentence to 126 months to reflect an adjusted offense level of 32.  (Docket No. 70.)  This stipulated motion stemmed from Amendment 706 to the crack guidelines of § 2D1.1, which became effective on November 1, 2007, and adjusted downward the base offense levels for crack offenses by two levels.  The government subsequently moved to withdraw from the stipulated motion, arguing that Amendment 706 does not apply to defendant because he was sentenced as a career offender pursuant to § 4B1.1.  (Id. No. 88.)

II.  Discussion

The court is not bound to accept the parties' stipulation relative to the application of 18 U.S.C. § 3582(c)(2).  Notwithstanding the stipulation of the parties, the court has an independent obligation to properly determine whether the provisions of section 3583(c)(2) compel the reduction of defendant's sentence.

Section 3582(c) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range** that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, **the court may reduce the term of imprisonment**, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added).

The Sentencing Commission's policy statement in Guidelines § 1B1.10 explains that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [it] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G § 1B1.10(a)(2)(B); see id. cmt. n.1(A) (explaining that a reduction in sentence "is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). A motion for a reduced sentence under § 3582(c)(2) is therefore properly denied when a retroactive amendment does not alter the sentencing range used in calculating the defendant's sentence. United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996).

Though the Ninth Circuit has not yet addressed the issue, other Courts of Appeals have uniformly held that a

defendant convicted of a crack offense who is sentenced pursuant to the career offender guidelines of § 4B1.1 rather than the crack guidelines of § 2D1.1 is not eligible for a reduction in sentence based on Amendment 706. See United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam) (providing that the defendant could not prevail on a § 3582(c)(2) motion "because Amendment 706 provides no benefit to career offenders"); United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008); United States v. Tingle, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008); cf. United States v. McGee, 553 F.3d 225, 230 (2d Cir. 2009) (per curiam) (holding that a defendant who was designated a career offender but was granted a departure from those guidelines such that he was ultimately sentenced based on § 2D1.1 of the guidelines was eligible for a reduced sentence).

In this case, there is nothing to indicate that defendant's sentence was "based on a sentencing range" other than that calculated pursuant to the career offender provisions of § 4B1.1. The applicable sentencing range and criminal history category specified in the PSR and adopted by the court were premised strictly on the finding that defendant qualified as a career offender because of his multiple prior drug offenses. (PSR ¶ 21.) Based on the sentencing table contained in § 4B1.1, defendant's offense level was thus initially found to be 37. (Id.) This offense level was then reduced three levels pursuant to § 3E1.1 in light of defendant's acceptance of responsibility, producing a total offense level of 34. (Id. ¶¶ 22-24.) As for

the applicable criminal history category, though defendant's prior convictions would have established a category of V under chapter 5, part A of the Guidelines, the PSR found a criminal history category of VI pursuant to § 4B1.1(b). (Id. ¶ 45.)

Defendant correctly observes that, before calculating the applicable career offender offense level, the PSR noted that defendant's base offense level under the drug quantity table of § 2D1.1--the crack guidelines affected by Amendment 706--would have been 34 based upon the amount of crack seized. (Id. ¶ 17.) Nevertheless, because the career offender guidelines produced a greater applicable offense level than that of the crack guidelines, the PSR used the offense level of 37 rather than 34 pursuant to § 4B1.1 in the calculation of defendant's total offense level. (Id. ¶¶ 21-24); see U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.").

The PSR's mere mention of the crack guidelines in order to determine whether § 4B1.1 produced a greater offense level does not demonstrate that its recommended sentencing range was "based on" the crack guidelines. See Caraballo, 552 F.3d at 10 ("The term "sentencing range" [as used in § 3582(c)(2)] clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus."). More importantly, even if defendant had been sentenced after the Sentencing Commission promulgated Amendment 706, the amendment would not

5

have altered the sentencing range found in the PSR, since the career offender offense level specified in § 4B1.1 would still have been greater than that of the amended crack guidelines.

After reviewing the PSR and the transcript of the sentencing hearing, the court is thus satisfied that it did not sentence defendant "based on a sentencing range" calculated under § 2D1.1. The court is also satisfied that it did not take the crack guidelines into account in reducing defendant's sentence by 40% from the applicable sentencing range pursuant to Guidelines § 5K1.1; that reduction was usual and customary given defendant's level of cooperation with authorities.

IT IS THEREFORE ORDERED that the stipulated motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2)(Docket No. 70) be, and the same hereby is, DENIED. The government's motion to withdraw from that stipulation (Id. No. 88) is accordingly DENIED AS MOOT.

DATED: July 7, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE